UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO UNIVERSITY FOR INTEGRATIVE STUDIES,

Plaintiff,

v.

KATHERINE WESTERLUND, in her official capacity as Chief, School Certification Unit, Student and Exchange Visitor Program, et al.,

Defendants.

Case No.: 24-cv-01701-AGS-KSC

**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED PRODUCTION OF ADMINISTRATIVE RECORDS**

Presently before the Court is plaintiff's Ex Parte Motion for Expedited Production of Administrative Records. Doc. No. 11. Defendants oppose the Ex Parte Motion. Doc. No. 18. As set forth below, plaintiffs' Ex Parte Motion is DENIED.

I. INTRODUCTION

Plaintiff San Diego University for Integrative Studies is a postsecondary educational institution whose student population is comprised primarily of international students. Doc. No. 1 at 6. Defendants are Katherine Westerlund, in her official capacity as the Chief, School Certification Unit, Student and Exchange Visitor Program ("SEVP"), Tae D. Johnson, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and Alejandro Mayorkas, in his official capacity as Secretary of

United States Department of Homeland Security ("DHS"). "[SEVP] is a part of the National Security Investigations Division and acts as a bridge for government organizations that have an interest in information on nonimmigrants whose primary reason for coming to the United States is to be students." *Id.* at 7 (citation omitted). SEVP manages schools, nonimmigrant students in the F and M visa classifications, and their dependents on behalf of DHS. *Id.* The Department of State (DoS) manages Exchange Visitor Programs, nonimmigrant exchange visitors in the J visa classification, and their dependents. *Id.* Both SEVP and DoS use the Student and Exchange Visitor Information System (SEVIS) to track and monitor schools; exchange visitor programs; and F, M and J nonimmigrants while they visit the United States and participate in the U.S. education system. *Id.*

On January 2, 2024, after administrative review, defendants withdrew plaintiff's SEVIS certification because plaintiff "failed to timely report the physical relocation of its main instructional site" and "failed to report its loss of the state licensing necessary to qualify graduates of degree programs." Doc. No. 1-4 at 6-13.

On September 23, 2024, plaintiff filed this case seeking declaratory and injunctive relief under the Administrative Procedures Act and requesting the Court compel defendants to:

> (1) to reverse their final decision that [plaintiff's] change of mailing address to another address on the same campus constituted a change of school location, and
>
> (2) to reverse their decision to punish [plaintiff] for not advising it soon enough of an unsettled, discrete state licensing issue which was settled in [plaintiff's] favor.

Doc. No. 1 at 2, 17; Doc. No. 1-4. On November 8, 2024, before defendants appeared in the case, plaintiff filed a Motion for Preliminary Injunction "to reinstate its SEVIS certification until this case may be tried and decided on the merits. Doc. No. 10 at 6. Two days later plaintiff filed the Ex Parte Motion requesting production of the "Certified Administrative Record on an expedited basis . . . so that the information can be utilized by the Court to adjudicate plaintiff's pending Motion for Preliminary Injunction hearing."

Doc. No. 11 at 2. Defendants oppose the Motion for Preliminary Injunction and have filed a Motion to Dismiss. Doc. No. 14. Defendants also opposed expedited production of the administrative record. Doc. No. 18.

II. LEGAL STANDARD

Courts may allow expedited discovery prior to a Rule 26(f) discovery conference for good cause, i.e., where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "In determining whether good cause exists . . . , courts look at the following factors: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [party opposing expedited discovery] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *FitTrack Inc.*, 2023 WL 2705844, at *4 (first alteration added) (quoting *NobelBiz, Inc. v. Wesson*, No. 14CV0832-W (JLB), 2014 WL 1588715, at *1 (S.D. Cal. Apr. 18, 2014)). The party seeking expedited discovery "has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

III. DISCUSSION

Plaintiff asks for the administrative record to be produced on an expedited basis "to develop the record and assist this Court in consideration of the key issues that are raised by plaintiff's Motion for Preliminary Injunction." Doc. No. 11-1 at 20.

"[E]xpedited discovery is not automatically granted[, however,] merely because a party seeks a preliminary injunction." *Sharikov v. Mayorkas*, No. 24-cv-1608-AGS-SBC, 2024 WL 4847387 at *2 (S.D. Cal. Nov. 20, 2024). Here, plaintiff offers no explanation as to how the administrative record is necessary for the Court to review the Motion for Preliminary Injunction.

The Court notes the administrative record squarely goes to the merits of plaintiff's claims, which also weighs against expedited discovery. *See Wedge Water LLC v. Ocean*

*Spray Cranberries, Inc*., No. 21-cv-0809-GPC (BLM), 2021 WL 2138519, at *4 (S.D. Cal. May 26, 2021) ("[P]laintiff's discovery requests seek to obtain substantial discovery related to the merits of this dispute prior to the Rule 26(f) conference, prior to defendant answering the complaint, and without defendant having the same ability to conduct discovery.").

Moreover, defendants' pending Motion to Dismiss weighs against expedited discovery. *See Sharikov*, 2024 WL 4847387 at *2 (denying plaintiff's motion for expedited discovery, in part, because, given defendants' pending motion to dismiss, it was "premature for plaintiffs to seek discovery going to the merits of their case"). Requiring defendants to produce the certified administrative record at this early stage, and prior to this Court addressing the pending dispositive motion would be unreasonably burdensome, particularly where plaintiff has not shown a need for expedited production. *See Semitool,* 208 F.R.D. at 276.

Given these considerations, the Court finds plaintiff has not shown good cause for expedited production of the administrative record. The Court further notes, that although plaintiff has not withdrawn its Ex Parte Motion, it acknowledges in its December 8, 2024 filed Request for Emergency Status Conference the issue is moot. Doc. No. 20 at 2 ("Although the parties have briefed SDUIS's request for expedited discovery to obtain the certified administrative record (ECF Nos. 13, 15, 18), it no longer enjoys the luxury of time related to that production unless the current deadline of December 31, 2024 is extended.")

Based on the foregoing, plaintiff's Ex Parte Motion is DENIED.

**IT IS SO ORDERED**

Dated: December 11, 2024

Hon. Karen S. Crawford
United States Magistrate Judge