UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO UNIVERSITY FOR INTEGRATIVE STUDIES,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE WESTERLUND, in her official capacity as Chief, School Certification Unit, Student and Exchange Visitor Program, et al.,<br><br>Defendants. | Case No.:  24-cv-01701-AGS-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE FULL ADMINISTRATIVE RECORD DKT. NO. 66** |

Presently before the Court is plaintiff's Motion to Compel the Full Administrative Record ("Motion"). Doc. No. 66.  Defendants oppose the Motion. Dkt. No. 78. As set forth below, plaintiff's Motion is DENIED.

## I.      INTRODUCTION

Plaintiff San Diego University for Integrative Studies is a postsecondary educational institution whose student population is comprised primarily of international students. Dkt. No. 1 at 6. Defendants are Katherine Westerlund, in their official capacity as the Chief, School Certification Unit, Student and Exchange Visitor Program ("SEVP"), Todd Lyons, in their official capacity as Acting Director of U.S. Immigration and Customs Enforcement

1

("ICE")[1], and Kristi Noem, in their official capacity as Secretary of United States Department of Homeland Security ("DHS")[2]. *Id.* "[SEVP] is a part of the National Security Investigations Division and acts as a bridge for government organizations that have an interest in information on nonimmigrants whose primary reason for coming to the United States is to be students." *Id.* at 7. SEVP manages schools, nonimmigrant students in the F and M visa classifications, and their dependents on behalf of DHS. *Id.* The Department of State ("DoS") manages Exchange Visitor Programs, nonimmigrant exchange visitors in the J visa classification, and their dependents. *Id.* Both SEVP and DoS use the Student and Exchange Visitor Information System ("SEVIS") to track and monitor schools; exchange visitor programs; and F, M and J nonimmigrants while they visit the United States and participate in the U.S. education system. *Id.*

On January 2, 2024, after administrative review, defendants withdrew plaintiff's SEVIS certification because plaintiff "failed to timely report the physical relocation of its main instructional site" and "failed to report its loss of the state licensing necessary to qualify graduates of degree programs." Dkt. No. 1-4 at 6-13.

On September 23, 2024, plaintiff filed this case seeking declaratory and injunctive relief under the Administrative Procedures Act ("APA") and requesting the Court compel defendants to:

(1) to reverse their final decision that [plaintiff's] change of mailing address to another address on the same campus constituted a change of school location, and

(2) to reverse their decision to punish [plaintiff] for not advising it soon enough of an unsettled, discrete state licensing issue which was settled in [plaintiff's] favor.

---

[1]  Todd Lyons became Acting Director of ICE on March 9, 2025, and, therefore, is automatically substituted as the defendant. Fed. R. Civ. P. 25(d).

[2]  Kristi Noem became Secretary of DHS on January 25, 2024, and, therefore, is automatically substituted as the defendant. Fed. R. Civ. P. 25(d).

24-cv-01701-AGS-KSC

Dkt. No. 1 at 2, 17; Dkt. No. 1-4. On December 12, 2024, the Hon. Andrew G. Schopler granted in part plaintiff's preliminary injunction motion, enjoining defendants from revoking, reducing, or changing plaintiff's SEVP certification or SEVIS access while this case is pending. Dkt. No. 29.

On September 26, 2025, defendants filed the Administrative Record ("AR"), which includes certification by SEVP Section Chief Panayiota who attests "the documents and materials listed in the attached [AR] Index consist of the administrative record constituting all documents and materials considered by ICE in its decision to withdraw [plaintiff's] certification to enroll foreign students." Dkt. No. 60. Plaintiff then filed the pending Motion, contending "defendants did not lodge the complete [AR]" and requesting the Court "compel the full [AR] and . . . the deposition of defendant Westerlund." Dkt. No. 66 at 9, 12.

## II.    LEGAL STANDARD

The APA directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C.A. § 706 (West). The "whole record" is "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). This includes "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (citation modified).

Generally reviewing courts are limited to considering only materials in the administrative record. *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); *see also Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 36 L. Ed. 2d 106 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). However, a party may seek to add extra-record documents, i.e., supplement, an incomplete administrative record or a complete one. *See e.g. Alegre v. United States*, No. 16-CV-2442-

3

24-cv-01701-AGS-KSC

AJB-KSC, 2021 WL 4934982, at *3 (S.D. Cal. July 29, 2021) (discussing motion to complete record and motion to supplement record.)

### A. Completeness of the AR

Defendants' certification of the AR creates a "presumption of regularity." *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1232 (E.D. Cal. 2013); *see also Bar MK Ranches v. Yuetter,* 994 F.2d 735, 739–40 (10th Cir. 1993) (while the agency "may not unilaterally determine what constitutes the administrative record" the courts "assume[] the agency properly designated the administrative record absent clear evidence to the contrary")

To rebut the presumption, a plaintiff "must put forth concrete evidence to show that the record is incomplete." *Alegre*, 2021 WL 4934982, at *4 (citation modified). Plaintiff must (1) "identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record" and (2) "identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are 'likely' to exist as a result of other documents that are included in the administrative record." *Id*. It is insufficient for a plaintiff to "simply ... assert [ ] that the documents are relevant, were before ... [the agency] at the time it made its decision, and were inadequately considered." *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)

### B. Supplementation of Incomplete Record

"The administrative record prepared by the agency may be supplemented by extra-record materials in an APA case under four narrow exceptions: (1) when it needs to determine whether the agency has considered all relevant factors and has explained its decision; (2) when the agency has relied upon documents or materials not included in the record; (3) when it is necessary to explain technical terms or complex matters; and (4) when a plaintiff makes a showing of agency bad faith." *Pinnacle Armor, Inc.*, 923 F. Supp. 2d at 1231; *Sw. Ctr. for Biological Diversity*, 100 F.3d at 1450.

24-cv-01701-AGS-KSC

### III.    DISCUSSION

Plaintiff claims defendants relied on information they did not include in the AR, which can be a basis for the Court to include extra-record documents in the AR under either standard. Dkt. No. 66. Plaintiff argues "defendants did not lodge the complete [AR]" and should have included:

> A. Documents which show (1) what triggered defendants to notice that [plaintiff] had changed locations, and (2) what deliberations and actions defendants took after they noticed the change on or about June 17, 2021, and before January 27, 2022, when [plaintiff] gave defendants formal notice that it had changed its main address to its former satellite location. . . . ;
>
> B.  Help Desk tickets from calls SDUIS made to the SEVP Response Center. . . . ; [and]
>
> C. Emails regarding [plaintiff].

*Id.* at 6, 9. Plaintiff contends because "defendants terminated [plaintiff]'s access to SEVIS in part based upon the alleged failure to inform SEVP of the change of address, the communications that [plaintiff] had with SEVP, including the calls to the help line that would be noted in help desk tickets, are extremely relevant to whether that decision was arbitrary and capricious." *Id.* at 11.

Plaintiff also claims these "obvious omissions" indicate defendants acted in bad faith and justify the deposition of defendant Westerlund.[3] *Id.* at 6, 12.

**A. Documents re: Notice of Address Change & Defendants' Response**

Plaintiff claims these "missing documents would show (1) what triggered defendants to notice that [plaintiff] had changed locations, and (2) what deliberations and actions defendants took after they noticed the change on or about June 17, 2021, and before January

---

[3]  Plaintiff does not argue the "relevant factors" exception applies, or that additional information or documents are necessary to explain technical terms or complex matters, so the Court does not address these exceptions.

24-cv-01701-AGS-KSC

27, 2022, when [plaintiff] gave defendants formal notice that it had changed its main address to its former satellite location." *Id.* at 10.

Plaintiff claims a "screenshot not in the record of the website for USA Language Center, a different entity" which was informally produced by defendants' counsel and apparently[4] shows USA Language Center's address "raises the serious question of whether defendant Westerlund's decision to terminate [plaintiff]'s access to SEVIS was based upon records contained in USA Language Center's file" and is "clear evidence that defendants directly, or at a minimum indirectly, considered documents outside the [AR]." *Id.* at 7; *Id.* at 14-15. Defendants do not dispute they had this information but deny they considered it in connection with plaintiff's certification. *See* Dkt. No. 78-1 at 4 (Sgardelis's second declaration, averring "SEVP did not rely on the document or its contents when deciding to withdraw [plaintiff]'s certification.").

Plaintiff's analysis is speculative and does not provide concrete evidence defendants directly or indirectly considered USA Language Center's website when they withdrew plaintiff's SEVIS certification. *See Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) ("plaintiff must do more than imply that the documents at issue were in the [government agency's] possession. . . . Rather, plaintiff must prove that the documents were before the actual decisionmakers involved in the determination."); *see also Dunn v. F.D.I.C.,* 2012 WL 1986042, *5 (C.D. Cal. May 31, 2012) ("[T]he crux of the analysis is whether the documents or materials ... were actually considered, directly or indirectly, by the agency decision makers."). Moreover, plaintiff offers no evidence to support its claim defendants withheld documents reflecting deliberations or actions taken after they noticed plaintiff's address change.

//

---

[4] Plaintiff did not file a copy of the screenshot, so the Court relies on the parties' uncontested description of the document.

24-cv-01701-AGS-KSC

### B. Help Desk Tickets

Plaintiff posits "Help Desk tickets from calls [plaintiff] made to the SEVP Response Center" should have been included in the AR and "[t]he fact that they are logged is proof that the(re) are records." Dkt. No. 66 at 10. Plaintiff's assertion, however, is speculative and lacks concrete evidence that defendants directly or indirectly considered Help Desk tickets in making its decision. *Sara Lee Corp.*, 252 F.R.D. at 34; *Dunn,* 2012 WL 1986042, *5.

### C. Emails Regarding Plaintiff

Plaintiff next contends defendants wrongfully withheld emails regarding plaintiff from the AR, as evidenced by five emails. Dkt. No. 66 at 10, 17-29.

Two emails were sent by ICE to plaintiff in March 2020 and discuss COVID-19 related updates and resources generally. *Id.* at 17-22. Plaintiff does not explain why these emails should be included in the AR, nor is it apparent to the Court why they would be, as they do not discuss plaintiffs SEVS certification or the reasons defendants decided to withdraw it. *Sara Lee Corp.*, 252 F.R.D. at 34; *Dunn,* 2012 WL 1986042, *5.

The third email was sent by one of defendants' field representatives on March 25, 2022. Dkt. No. 66 at 23-24. She requests a date and time to conduct a site visit and provides general information about the procedure for a site visit. *Id.* at 23-24. It is not clear how this scheduling email would have directly or indirectly been considered by defendants in reaching their decision because it was sent two months after "January 27, 2022, when [plaintiff] gave defendants formal notice that it had changed its main address." *Id.* at 10. Plaintiff, therefore, has not shown concrete evidence this email was considered by defendants. *Sara Lee Corp.*, 252 F.R.D. at 34; *Dunn,* 2012 WL 1986042, *5.

The fourth document is a two sentence email sent by an ICE field representative on June 1, 2022. *See* Dkt. No. 66 at 26-27, ("I have just returned from extended leave and working through emails. Was your question(s) answered?"). Plaintiff does not explain how this email would have had any bearing on defendants' decision and, thus, does not meet its

24-cv-01701-AGS-KSC

burden with respect to this document. *Sara Lee Corp.*, 252 F.R.D. at 34; *Dunn,* 2012 WL 1986042, *5.

The fifth email was sent on February 3, 2025, so it clearly should not be included in the AR because it wasn't considered in relation to defendants' decision, which was made the year prior. Dkt. No. 66 at 28-29. An administrative record need not include documents that became available after the agency made its decision ("post-decisional" documents). *See Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.,* 435 U.S. 519, 555, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (judicial review is "limited . . . by the time at which the decision was made.")

### D. Bad Faith

Plaintiff argues defendants' "deliberate" withholding of the aforementioned documents is bad faith and the Court, therefore, should compel defendants to produce "the full administrative record." Dkt. No. 66 at 12. As discussed above, plaintiff has not shown that defendants should have included any of these documents in the AR. By extension, they also have not shown defendants acted in bad faith by not including them. *See Pinnacle Armor, Inc.,* 923 F. Supp. 2d at 1243. ("For the bad faith exception to apply, normally there must be a *strong showing* of bad faith or improper behavior before the court may inquire into the thought processes of administrative decision makers.") (citation modified).

### E. Westerlund Deposition

Plaintiff also argues "obvious omissions" in the record justify a deposition of defendant Westerlund because as "the author of the decision . . . [she] is in the best position to know what she had access to, the agency's intention behind its 'investigation' of [plaintiff], whether the agency had less than pure motives in doing so, and what she considered when making that decision." Dkt. No. 66 at 6. Plaintiff's allegation of "obvious omissions" is speculative and does not support taking defendant Westerlund's deposition. *See Pinnacle Armor, Inc.,* 923 F. Supp. 2d at 1242 (allowing "plaintiff to file a very narrow motion for discovery" to determine whether governmental agency considered data not

8

24-cv-01701-AGS-KSC

included in the administrative record only after finding "non-speculative grounds" to believe the agency did so.).

## IV.   CONCLUSION

In sum, plaintiff has not rebutted the presumption of regularity created by defendants' certification of the AR.  Plaintiff's Motion is, therefore, DENIED.

**IT IS SO ORDERED**

Dated: January 22, 2026

Hon. Karen S. Crawford
United States Magistrate Judge

24-cv-01701-AGS-KSC